IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILES D. THOMAS, | : | 1:09-cv-1557 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v | : | |
| | : | Hon. John E. Jones III |
| WILLIAM SANDSTROM, AMY | : | |
| KAUNAS, KEN HUGENDUBLER, | : | |
| THE HARRISBURG AREA HUMANE | : | |
| SOCIETY, and JOHN DOE, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM AND ORDER**

### **December 16, 2009**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is a Motion for Reconsideration filed by Plaintiff Miles D. Thomas ("Plaintiff" or "Thomas"). (Doc. 34) (the "Motion"). The Motion has not been briefed; however, for the reasons set forth hereinafter, we will strike it in its entirety pursuant to Federal Rule of Civil Procedure 12(f).

As the procedural and factual history of this matter is entirely too well known to this Court, all parties, and their counsel, we shall not restate it here. Instead, we will refer to it only as necessary within the analysis that follows.

1

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ("Rule 12(f)"). "Immaterial" matter is that which has no essential or important relationship to the claim for relief. *Delaware Health Care. Inc. v. MCD Holding Co.* 893 F. Supp. 1279 (D.Del. 1995). "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Cech v. Crescent Hills Coal Co.* 2002 U.S. Dist. LEXIS 15731, 2002 WL 31002883 (W.D. Pa. 2002). A "scandalous" matter or pleading can either cast a derogatory light on someone, or may also detract from the dignity of the court. *Carone v. Whalen*, 121 F.R.D. 231 (M.D. Pa. 1988).

While courts are specifically empowered with the ability to invoke the dictates of Rule 12(f) *sua sponte*, Fed. R. Civ. P. 12(f), striking a pleading is a drastic remedy and should be sparingly used by the courts. *Krisa v. Equitable Life Assur. Soc.* 109 F.Supp. 2d 316 (M.D. Pa. 2000).

## II. DISCUSSION

Quite simply, the Court views the Motion as a vitriolic polemic supported by a meandering narrative that appears not only to seek a reconsideration of our

November 19, 2009 Order (Doc. 33), but also invokes but does not properly raise issues of recusal and possible certification of prior orders, presumably for the purpose of an interlocutory appeal. We need not reach any of these issues however, whether properly invoked or not, since the Motion is so saturated with redundant, immaterial, impertinent, and scandalous matter so as to make precise surgery to excise the offending portions virtually impossible. Our only reasonable course is to strike the Motion in its entirety.

Taken as a whole, the Motion appears to be an angry, reflexive, and inappropriate diatribe by Plaintiff's counsel in response to the Court's November 19, 2009 ruling. It is hyperbolic in its tone, and fairly drips with personal animus toward this Court. In short, it is the type of document that, upon his considered review, Plaintiff's counsel should never have filed. For example, in footnote 1, the Motion states, "Plaintiff's counsel is *outraged* by footnote 3 of the Court's November 19, 2009 Order." (Doc. 34 p. 2, n. 1) (emphasis added). Later within the same footnote, Plaintiff's counsel argues, in excruciating and at times convoluted detail, that this Court should have ruled based on public opinion. Both the mention of counsel's outrage and the argument that follows qualify as "immaterial" or "impertinent" matters that fall squarely within the ambit of what Rule 12(f) prohibits.

Similarly, within footnote 2 the Motion refers to, *inter alia*, "... *ex parte* discussions between the Court and Defendants." This is a grave allegation, and may actually implicate Federal Rule of Civil Procedure Rule 11(b).[1] Indeed, the Court views this reference as a matter that could very well warrant sanctions against Plaintiff's counsel. To the extent it needs to be said, there have been no *ex parte* communications between the Court and any party to this case. To the degree that the Court has conducted one-on-one dealings with any party to the case, it has

---

[1] This rule states, in its entirety:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

done so in the context of settlement discussions, and with the full knowledge and consent of all other parties. For now, we will resist the temptation to invoke Rule 11 and thus decline to initiate a process that could result in sanctions against Plaintiff's counsel for what we will assume for the purposes of this Order is the product of an ill-considered rant in a footnote. However, we again note that at minimum this reference clearly falls within the purview of Rule 12(f), as it constitutes "scandalous" matter that detracts from the dignity of this Court.[2]

Elsewhere in the Motion, Plaintiff's counsel argues, in a circular and almost unintelligible fashion, that the Court was in error in its Order. However, the points counsel attempts to make, such as they are, are so filled with invective and inappropriate inferences about the Court's motives that they defy any reasonable attempt to understand them.

There is an old adage that commends an individual who has written an angry letter, typically in response to a presumed slight, to place the letter in a drawer and never send it to the intended recipient. The logic of that adage is, of course, that writing the letter will prove somewhat cathartic, but that sending it

---

[2] We caution Plaintiff's counsel that our largesse is not boundless. As noted, a bald and unsupported allegation that accuses this (or any) Court of engaging in *ex parte* conduct is astonishing in its insensibility. Should counsel elect to recklessly and cavilierly impugn this Court in the future, we will not be as inclined to let the matter pass unpunished.

might ultimately prove imprudent. We believe that Plaintiff's counsel would have benefitted from the application of that logic here.

Plaintiff's counsel has been on our docket in numerous cases, involving myriad disputes, over our many years on the bench. While we have found him to be a zealous and generally appropriate advocate on behalf of his clients, we are at times puzzled by his proclivity to take our rulings personally. Our Order of November 19, 2009, while clearly referencing to the Court's frustration regarding the posture of the case *sub judice*, was explicitly *not* directed toward one single party or their counsel. Indeed, when noting our displeasure we repeatedly included *all* counsel and parties. To the extent that Plaintiff's counsel believes that he was singled out, we suggest, to paraphrase the Bard William Shakespeare, that he doth protest too much.

To some degree, we believe that striking this inappropriate Motion will save Plaintiff's counsel from himself. Accordingly, we will now do so, and perhaps the salutary effect will be to hit the "reset" button in this litigation. The overheated rhetoric that Plaintiff's counsel has used throughout this matter has no place in the proper practice of law. Its continued application by an otherwise professional advocate is not only wearying, but impairs counsel's ability to properly represent his client. We suggest that if Plaintiff's counsel has become as personally invested

and overwrought as his filings imply, and cannot reverse that course, he would do well to reflect on his ability to continue in representation of the Plaintiff. We sincerely hope that he will accept the admonitions contained herein in the spirit that they are offered, and move on.

### III. CONCLUSION

For the foregoing reasons the Motion is stricken in its entirety based on Rule 12(f). Moreover, we believe that despite the abject failure by the parties to effectuate a settlement of this matter, a redoubled attempt to accomplish the same, free of the evident pathology that was apparently triggered by this Court's intervention in prior settlement discussions, is in order. We do not possess confidence in the parties' ability to self-start those discussions. As a result, we will refer the matter to Magistrate Judge Martin C. Carlson for settlement purposes, and direct that under his capable auspices the parties engage in a mediation with a goal of fully resolving this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. 34) is **STRICKEN** in its entirety as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

2. The case is **REFERRED** to Magistrate Judge Martin C. Carlson for settlement purposes only.

3. All proceedings in this Court are **STAYED** while the case is in the custody of Magistrate Judge Carlson.

s/ John E. Jones III
John E. Jones III
United States District Judge