**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MILES D. THOMAS,

    Plaintiff,

CIVIL ACTION NO. 3:09-CV-1557

(JUDGE CAPUTO)

WILLIAM SANDSTROM; AMY KAUNAS;
KEN HUGENDUBLER; THE
HARRISBURG AREA HUMANE SOCIET;
and JOHN (aka OFFICER WEAVER),

    Defendants.

## MEMORANDUM

Plaintiff Thomas seeks to have his case re-opened under Federal Rule of Civil Procedure 60(b)(6). (Doc. 64.) Plaintiff argues that Judge Jones, who previously presided over this case, should have recused himself due to his personal animus toward plaintiff's attorney, Don Bailey. Defendants argue the motion should be denied because this Court does not have jurisdiction since the case is on appeal. Defendants further contend that plaintiff was represented by Andrew Ostrowski, Esq., not Don Bailey, and the "extraordinary circumstances" required to grant relief under 60(b)(6) are not present. The Court agrees that there are no extraordinary circumstances and will deny the motion.

## BACKGROUND

In August 2009, plaintiff filed a complaint alleging civil rights violations by the defendants stemming from the taking of his dog. In January 2010, following voluntary mediation before Magistrate Judge Carlson, the parties agreed plaintiff's dog would be returned in exchange for plaintiff's execution of a General Release and dismissal of his claims. An order was then entered in February 2010 dismissing the case without prejudice to the right to reinstate the action within sixty days upon good cause shown. In March 2010,

plaintiff filed a motion to reinstate his complaint. Magistrate Judge Carlson recommended the motion be denied and his recommendation was adopted by Judge Jones over plaintiff's objections in an order dated July 21, 2010. In August 2010, plaintiff appealed the July order to the Third Circuit. Then, several weeks ago, plaintiff filed the instant motion seeking to re-open the case. Plaintiff argues his case should be reopened because Judge Jones was biased against the attorneys who represented him in the suit, Don Bailey and Andrew Ostrowski. Judge Jones testified at Don Bailey's disciplinary hearing this past August. Plaintiff alleges the disciplinary hearing has brought to light a long standing history of prejudice against Mr. Bailey. Plaintiff also alleges at that time that during that hearing Judge Jones testified that he "turned Mr. Ostrowski in" to the Disciplinary Board in connection with plaintiff's case. The motion has been briefed and is ripe for review.

## DISCUSSION

The motion to open judgment will be denied because the Court finds no exceptional circumstances requiring such relief under 60(b)(6).

Once a notice of appeal is filed, jurisdiction is no longer vested in the district court. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (internal citation omitted). Under Fed. R. Civ. P. 62.1:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 62.1 is a rather recent addition to the Federal Rules. It allows the district court to issue

an indicative ruling on a motion for relief from judgment when ruling on such a motion is barred by a pending appeal. Advisory Committee notes on Rule 62.1 suggest that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose." Advisory Committee's Notes (2009). When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its discretion. *See* Fed. R.App. P. 12.1(b). If the court of appeals remands to the district court, the court of appeals retains jurisdiction "unless it expressly dismisses the appeal." *Id.*

Under 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally under § 455(b), a judge must disqualify themselves where they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The general purpose of Fed. R. Civ. P. 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir.1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.' " *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir.1981). However, a "Rule 60(b) motion may not be used as a substitute for appeal, and ... legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988). Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an

3

order for "any other reason justifying relief ." Fed. R. Civ. P. 60(b)(6).  The United States Supreme Court has held that: "[Fed. R. Civ. P. 60(b)(6)] does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Healthcare Serv. Acquisition Group*, 486 U.S. 847, 863 (1988) (internal citations omitted).

In *Liljeberg*, plaintiff, Health Services Acquisition Corp. brought declaratory judgment against defendant John Liljeberg seeking declaration of ownership of a corporation known as St. Jude Hospital. *Liljeberg*, 486 U.S. at 848.  The case was tried before Judge Robert Collins, sitting without a jury.  The judge found for defendant and the appellate court affirmed.  Almost a year later, Health Services discovered the judge had been a member of the Board of Trustees of Loyola University while Liljeberg was negotiating with it to purchase a parcel of land on which to build the hospital.  The benefit to Loyola from the deal turned largely on Liljeberg prevailing in the declaratory judgment proceeding. *Id.* at 848-49. The Supreme Court affirmed the appellate court's ruling vacating the judgment for the judge's failure to recuse himself under § 455.  In doing so, the Court considered: (1) risk of injustice to parties in particular case, (2) risk that denial of relief will produce injustice in other cases, and (3) risk of undermining public's confidence in judicial process. *Id.* at 864.

Here, the Court will deny the motion because the type of extraordinary circumstances found in *Liljeberg* are not present.  Although the action is currently on appeal, under Fed. R. Civ. P. 62.1 the Court can defer, deny, or indicate that it would grant the motion or that

4

it raises a substantial issue. Additionally, while Mr. Bailey never appeared before the Court in this matter and all the pleadings, motions, and briefs were filed by Mr. Ostrowski, the Court will accept plaintiff's representation that he was represented by both lawyers. Putting these issues aside, Mr. Thomas' allegations regarding Judge Jones are not akin to the facts of *Liljeberg*. There, the trial judge failed to recuse himself from a case in the outcome of which he had a direct, material interest. Here, Mr. Thomas argues Judge Jones should have recused himself based on his personal bias against Mr. Thomas' lawyers. But the only *fact* Mr. Thomas uses to support his allegation of bias is that Judge Jones testified in a disciplinary hearing against Mr. Bailey more than a year after refusing to reopen Mr. Thomas' case. Also, it was Magistrate Judge Carlson who recommended the case not be reopened because he found Mr. Thomas was trying to abrogate the settlement after he had already gotten his dog back. Judge Jones' only adopted the Magistrate Judge's recommendation, and there has been no allegation of bias on Magistrate Judge Carlson's part.

## CONCLUSION

Based on these facts, the Court does not find the extraordinary circumstances that would justify relief under Fed. R. Civ. P. 60(b)(6) and will deny plaintiff's motion. An appropriate order follows.


 12/6/11                                                          /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MILES D. THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM SANDSTROM; AMY KAUNAS; KEN HUGENDUBLER; THE HARRISBURG AREA HUMANE SOCIET; and JOHN (aka OFFICER WEAVER),<br><br>    Defendants. | CIVIL ACTION NO. 3:09-CV-1557<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___6th___ day of December, 2011, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment (Doc. 64) is **DENIED**.

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge